IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,582-01






EX PARTE JASON KELLY WAGGONER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F42260 IN THE 249TH DISTRICT COURT


FROM JOHNSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
failing to comply with sex offender registration requirements and was sentenced to two terms of five
years' imprisonment. He did not appeal his convictions.

 Applicant was sentenced on June 3, 2008. He contends that his duty to comply with sex
offender registration requirements expired on May 28, 2008, and that, as a result, a special provision
in his judgment is invalid. This provision states, among other things, that the Texas Department of
Public Safety shall indicate on Applicant's driver license or personal identification certificate that
he is subject to sex offender registration requirements. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the special provision in Applicant's
judgment was a clerical mistake or the result of judicial reasoning. If it was the result of judicial
reasoning, the trial court shall make findings of fact as to whether Applicant's duty to comply with
sex offender registration requirements had expired when he was sentenced. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 24, 2008

Do not publish